UNITED STATES DISTRICT COURT                        CG 1921
EASTERN DISTRICT OF NEW YORK

JEFFREY JOSEPH, Pro Se,                    AFFIDAVIT IN
                                          OPPOSITION TO
                          Petitioner,     PETITION FOR A WRIT
                                          OF HABEAS CORPUS
            -against-
                                          18-CV-1877(KAM)
HAROLD D. GRAHAM, Superintendent of
Auburn Correctional Facility,

                          Respondent.

STATE OF NEW YORK  )
                   )  SS:
COUNTY OF KINGS    )

     CAMILLE O'HARA GILLESPIE, being duly sworn, deposes and
states as follows:

     1.   I am an Assistant District Attorney of counsel to Eric
Gonzalez, the District Attorney of Kings County.  I am admitted
to practice in New York State and before this Court.

     2.   By agreement with the Attorney General of the State of
New York, the District Attorney of Kings County represents
respondent in the above-captioned matter.

     3.   I submit this affidavit in opposition to the
application, dated March 16, 2018, of petitioner Jeffrey Joseph
(hereinafter referred to as "defendant") for a writ of habeas
corpus.  Unless otherwise indicated, the following statements are
made on information and belief, based on the records and files of
the Kings County District Attorney's Office.

     4.   On July 20, 2006, at about 7:30 p.m., at the corner
East 95th Street and Clarkson Avenue in Brooklyn, defendant shot

Illis Bryan in the chest with a handgun, inflicting a wound from which Bryan bled to death.

5.    For these acts, defendant was charged, under Kings County Indictment Number 267/2008, with Murder in the Second Degree (P.L. § 125.25[1]), Manslaughter in the First Degree (P.L. § 125.20[1]), Criminal Possession of a Weapon in the Second Degree (P.L. former § 265.03[1][b]), and Criminal Possession of a Weapon in the Third Degree (P.L. former § 265.02[4]).

6.    On May 3 and 4, 2010, in New York Supreme Court, Kings County, the court (Guzman, J.) conducted a pretrial hearing to determine the admissibility of defendant's statements and identification testimony relating to defendant.    Detectives Michael Braithwaite, Peter McMahon, Michael Maffei, and Emil Tkhorovskiy, and Undercover Police Officer C0070 testified at the hearing.    The defense presented no witnesses.    Following the hearing, on May 4, 2010, the hearing court issued a decision from the bench, denying the motion to suppress identification testimony and defendant's statements (H2. 66-71, 74-82).[1]  With respect to the identification issue, the court noted that the three photographic arrays viewed by Joshua Byrd, Sean Rose, and Kyle Leslie involved the same photographs, that the photographs were all of young black men with close-cropped hair, and that there was nothing in the photographs that would make any one

---

[1] Unless otherwise indicated, numbers in parentheses refer to pages of the trial transcript; numbers preceded by "H2" refer to pages of the hearing transcript dated May 4, 2010; numbers preceded by "S" refer to pages of the sentencing transcript, dated August 19, 2010; names preceding page numbers identify the witnesses whose testimony is cited.

stand out (H2. 74, 78).  Regarding the lineup, the hearing court
noted that all six participants were wearing blue smocks and hats
and were seated, eliminating any disparity in height (H2. 72).
Although the lineup participants were wearing different kinds of
footwear, there was nothing that stood out about the shoes they
wore (H2. 79).  With respect to defendant's statements, the court
noted that defendant's statements to the undercover police
officer were not coerced or the result of threats and were
voluntary (H2. 70).

7.   On June 17, 2010, jury selection began at defendant's
trial in New York Supreme Court, Kings County.  At trial, the
State presented the testimony of Joshua Byrd, Kyle Leslie, Wilber
Calliste, Sharon Bryan, Police Officer Renee Diaz, Detectives
Michael Braithwaite, Kevin Gasser, James Valenti, and Emil
Tkhorovskiy, Sergeant Michael Sinatra, Undercover Police Officer
C0070, and Doctor Melissa Pasquale-Styles.  Defendant presented no
witnesses.  Following the trial, the jury returned a verdict
acquitting defendant of second-degree murder and second-degree
criminal possession of a weapon and convicting defendant of first-
degree manslaughter (N.Y. Penal Law § 125.20[1]).

8.   On August 19, 2010, the court sentenced defendant to a
prison term of twenty years for the manslaughter conviction, to
be followed by five years of post-release supervision (S. 24).
(Guzman, J., at trial and sentence).

9.   On or about February 1, 2016, defendant perfected his
appeal by filing in New York Supreme Court, Appellate Division,
Second Judicial Department (hereinafter "Appellate Division"), a

brief prepared by his appellate counsel, Amy Donner, Esq., of the Legal Aid Society.  In that brief, defendant raised the following claims:

(1) defendant was denied due process by the hearing court's refusal to find the photo array unduly suggestive and order an independent source hearing regarding the lineup and in-court indentifications, where a prominent feature of one witness's description of the shooter was that he had cornrows and the photos of the fillers showed closely-cropped, neat hairlines, whereas defendant's was the only one featuring cornrows and an uneven hairline with frizziness and exposed scalp;

(2) the court's refusal to charge second-degree manslaughter deprived defendant of due process and a jury trial, where there was a reasonable view of the evidence in the light most favorable to the defense that the deceased -- who was seven inches taller than defendant, angry and probably intoxicated -- had thrown a punch at defendant's face, missed him and stumbled, whereupon defendant, while ducking, took out a gun for the first time and fired a single fatal gunshot; and

(3) defendant was denied his due process right to a fair trial by the prosecutor's persistent flouting of the court's rulings precluding testimony that defendant allegedly was affiliated with the Crips gang and improper insinuation to the jury that courtroom spectators were Crips who were trying to intimidate prosecution witnesses, thereby wrongly attempting to show guilt by association.

10. On May 23, 2016, the People filed a responding brief in the Appellate Division, answering the claims in defendant's brief.

11. On or about June 16, 2016, defendant's appellate counsel, Amy Donner, Esq., filed a reply brief on defendant's behalf.

12.   Defendant also filed a <u>pro se</u> supplemental brief in the Appellate Division, raising the following claims:

(1)   the court denied defendant's right to a fair trial by failing to respond meaningfully under C.P.L. § 310.30 to an ambiguous note from the jury and by having only direct examination testimony favorable to the prosecution read back to the jury and not cross-examination testimony favorable to the defense; and

(2)   defendant was denied the effective assistance of counsel when defense counsel failed to request a <u>Sirois</u> hearing when the People's witness changed his testimony and the People attributed this change in testimony to defendant's misconduct.

13.   By decision and order dated December 21, 2016, the Appellate Division unanimously affirmed defendant's judgment of conviction.   <u>People v. Joseph</u>, 145 A.D.3d 916, 44 N.Y.S.3d 115 (2d Dep't 2016).

14.   By letters dated January 17, 2017, and February 21, 2017, defendant sought leave to appeal to the New York Court of Appeals from the order of the Appellate Division affirming defendant's judgment of conviction.   By letter dated March 2, 2017, the People opposed defendant's leave application.   On March 27, 2017, defendant's application for leave to appeal to the New York Court of Appeals was denied.   <u>People v. Joseph</u>, 29 N.Y.3d 949, 54 N.Y.S.3d 380 (2017) (Stein, J.).

15.   By petition dated March 16, 2018, filed in this Court, defendant now seeks a writ of <u>habeas corpus</u>, raising the same five claims raised in his main Appellate Division brief and his <u>pro se</u> supplemental brief.

16.   In accordance with this Court's order to show cause, dated April 25, 2018, copies of the following documents are being filed electronically, and a courtesy hard copy of the same documents is being provided to the Court: (1) defendant's main Appellate Division brief (Respondent's Exhibit A); (2) the State's responding Appellate Division brief (Respondent's Exhibit B); (3) defendant's reply brief to the Appellate Division (Respondent's Exhibit C); (4) defendant's pro se supplemental Appellate Division brief (Respondent's Exhibit D); (5) the State's responding supplemental Appellate Division brief (Respondent's Exhibit E); (6) defendant's letters, dated January 17, 2017, and February 21, 2017, seeking leave to appeal to the New York Court of Appeals; the letter of the Clerk of the New York Court of Appeals, dated January 25, 2017, giving notice of the assignment of the leave application to Judge Stein; the State's letter, dated March 2, 2017, opposing defendant's leave application; and the certificate of Judge Stein, dated March 27, 2017, denying leave to appeal (Respondent's Exhibit F); (7) the transcripts of defendant's suppression hearing (pp. 1-85), jury selection proceedings (pp. 1-57 and 1-291), trial (pp. 1-669), pre-sentence proceedings, dated May 6, 2011 (pp. 1-6), and sentence (pp. 1-25) (Respondent's Exhibit G); and (8) copies of the photo array shown to Kyle Leslie and Joshua Byrd, and the photographs of the lineup viewed by Byrd (Respondent's Exhibit H).

WHEREFORE, and for the reasons set forth in the accompanying memorandum of law, defendant's petition for a writ of habeas corpus should be denied.


Dated:   Brooklyn, New York
         June 25, 2018


Camille O'Hara Gillespie
Assistant District Attorney
(718) 250-2490


Sworn to before me this
25th day of June 2018

ROBERT W. HO
Notary Public, State of New York
No. 01HO6026182
Qualified in New York County
Commission Expires June 07, 2001

UNITED STATES DISTRICT COURT                              CG 1921
EASTERN DISTRICT OF NEW YORK

JEFFREY JOSEPH, Pro Se,

                       Petitioner,

       -against-                                18-CV-1877(KAM)

HAROLD D. GRAHAM, Superintendent of
Auburn Correctional Facility,

                       Respondent.

## RESPONDENT'S MEMORANDUM OF LAW

LEONARD JOBLOVE
CAMILLE O'HARA GILLESPIE
Assistant District Attorneys
    Of Counsel

June 25, 2018

TABLE OF CONTENTS

Page

POINT I -

    DEFENDANT'S CLAIM CONCERNING THE IDENTIFICATION
    PROCEDURES DOES NOT WARRANT HABEAS RELIEF.................1

POINT II -

    DEFENDANT'S CLAIM CONCERNING THE COURT'S REFUSAL TO
    CHARGE SECOND-DEGREE MANSLAUGHTER AS A LESSER INCLUDED
    OFFENSE DOES NOT WARRANT HABEAS RELIEF....................7

POINT III -

    DEFENDANT'S CLAIM OF PROSECUTORIAL MISCONDUCT DOES NOT
    WARRANT HABEAS RELIEF......................................9

POINT IV -

    DEFENDANT'S CLAIM THAT THE TRIAL COURT FAILED TO GIVE
    A MEANINGFUL RESPONSE TO A JURY REQUEST FOR A READBACK
    DOES NOT WARRANT HABEAS RELIEF...........................14

POINT V -

    DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL
    COUNSEL DOES NOT WARRANT HABEAS RELIEF...................17

CONCLUSION -

    DEFENDANT'S PETITION FOR A WRIT OF HABEAS CORPUS
    SHOULD BE DENIED.........................................24

POINT I

DEFENDANT'S       CLAIM       CONCERNING       THE
IDENTIFICATION   PROCEDURES   DOES   NOT   WARRANT
HABEAS RELIEF.

Defendant claims in ground one of his habeas petition that the state hearing court erred in not suppressing the identification testimony of Joshua Byrd, who both identified defendant from a photographic array and at a lineup, and Kyle Leslie, who identified defendant in a photographic array.  This exhausted claim, raised in Point I of defendant's Appellate Division brief (Respondent's Exhibit A) and in his February 21, 2017 leave letter to the New York Court of Appeals (included in Respondent's Exhibit F) at 16-17, does not warrant habeas relief.

The deferential standard of review established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and set forth in 28 U.S.C. § 2254(d) "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 571 U.S. 12, 19 (2013).  Where a state court has adjudicated a federal constitutional claim on the merits, a state prisoner is entitled to a writ of habeas corpus only if the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding." 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In addition, under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the state prisoner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

"[C]learly established Federal law, as determined by the Supreme Court of the United States," refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412; see Carey v. Musladin, 549 U.S. 70, 74 (2006). Where there is no clear Supreme Court precedent on an issue, it cannot be said that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law. Knowles v. Mirzayance, 556 U.S. 111, 122 (2009); Wright v. Van Patten, 552 U.S. 120, 126 (2008); Musladin, 549 U.S. at 76.

Furthermore, where the Supreme Court has announced only a general rule or test, the state courts have greater leeway in the application of that rule than would be the case were the rule more specific. See Mirzayance, 556 U.S. at 123. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

Federal courts are "not free to presume that a state court did not comply with constitutional dictates on the basis of nothing more than a lack of citation." Bell v. Cone, 543 U.S.

447, 455 (2005). Even "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing that there was no reasonable basis for the state court to deny relief." Harrington v. Richter, 562 U.S. 86, 98 (2011); see also Johnson v. Williams, 568 U.S. 289, 292-93 (2013) (where state court addressed some claims raised by defendant but not claim later raised in federal habeas proceedings, federal claim is presumed to have been adjudicated on merits in state court).

In order to establish that a state court decision involves an unreasonable application of Supreme Court precedent, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103. "'If this standard is difficult to meet' -- and it is -- 'that is because it was meant to be.'" Titlow, 571 U.S. at 20 (quoting Richter, 562 U.S. at 102).

In this case, the Appellate Division rejected on the merits defendant's contentions concerning the photographic identifications of defendant by Joshua Byrd and Kyle Leslie. People v. Joseph, 145 A.D.3d 916, 917, 44 N.Y.S.3d 115, 116 (2d Dep't 2016). The Appellate Division also rejected on the merits defendant's contentions concerning the lineup. Id., 145 A.D.3d at 917, 44 N.Y.S.3d at 116.

For the reasons set forth in detail in the State's main Appellate Division brief (Respondent's Exhibit B) at 27-42, and

the reasons set forth in the Appellate Division's decision, Joseph, 145 A.D.3d at 917, 44 N.Y.S.3d at 116–17, defendant's claim concerning the identification procedures was meritless. More importantly, defendant fails to show that under 28 U.S.C. § 2254(d), the Appellate Division's rejection of defendant's claim that the identification procedures were unduly suggestive was contrary to, or involved an unreasonable application of, Supreme Court precedent.

With respect to the photo array shown to the witnesses, the Appellate Division observed that "the photos in the photo array depicted people who were sufficiently similar to the defendant in appearance so that there was little likelihood that the defendant would be singled out for identification based on particular characteristics," Joseph, 145 A.D.3d at 917, 44 N.Y.S.3d at 116. With respect to the lineup, the Appellate Division noted that there is "no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance" and that the "alleged variations in appearance between the defendant and fillers in the lineup were not so substantial as to render the procedure impermissibly suggestive." Id.

As the photo arrays and lineup photographs, included in Respondent's Exhibit H, attest, the Appellate Division's rejection of defendant's claim was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103. The Appellate Division's determination regarding the pretrial

identifications was reasonable, as there was no unnecessary suggestiveness in the photo array or lineup procedures the police used here.  See Perry v. New Hampshire, 565 U.S. 228, 238-39 (2012) ("due process concerns arise only when law enforcement officers use an identification procedure that is both suggestive and unnecessary"); see also Neil v. Biggers, 409 U.S. 188, 199-200 (1972) (unnecessarily suggestive police showup did not require suppression where witness's identification was reliable); Simmons v. United States, 390 U.S. 377, 384 (1968) (suppression of pretrial identification required only if procedure "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification").   Thus, habeas relief is not warranted on the basis of the stats court's suppression ruling.  See, e.g., Brisco v. Ercole, 565 F.3d 80, 90-91 (2d Cir.) (state court's conclusion that showup at scene of burglary was not unduly suggestive did not involve unreasonable application of Supreme Court precedent), cert. denied, 558 U.S. 1063 (2009).

Indeed, there was testimony at the hearing indicating the both Byrd and Leslie were familiar with defendant before the incident and knew defendant's first name (Maffei: H2. 6-7, 26-27).  In light of this familiarity, it was not likely that the identification of either Byrd or Leslie would have been influenced by any suggestiveness in the photo array, and it was not likely that Byrd's identification would have been influenced by any suggestiveness in the lineup.  Thus, there was no very

substantial likelihood of misidentification in this case. See Manson v. Brathwaite, 432 U.S. 98, 114-16 (1977).

Finally, even assuming, arguendo, that there was error in admitting the identification testimony of Byrd or Leslie, it did not have a substantial and injurious effect on the trial. See Fry v. Pliler, 551 U.S. 112, 121-22 (2007); Brecht v. Abrahamson, 507 U.S. 619, 637-39 (1993) (constitutional trial error does not warrant habeas relief unless error had substantial and injurious effect or influence on verdict); see, e.g., McKinnon v. Superintendent, Great Meadow Corr. Facility, 422 Fed. Appx. 69, 74-75 (2d Cir. 2011) (petitioner failed to demonstrate that challenged identification procedures, including showup identification, had substantial and injurious effect on verdict), cert. denied, 565 U.S. 1181 (2012).

Under New York law, the photo array identifications that Leslie and Byrd made were not admissible on the State's direct case. See People v. Caserta, 19 N.Y.2d 18, 21, 277 N.Y.S.2d 647, 648-49 (1966). And at trial, Leslie ultimately denied having seen defendant at the scene of the shooting (Leslie: 288-89, 293). Even if Byrd's identification of defendant at the lineup had been suppressed, Byrd would have been able to give testimony about the events he observed and his description of the shooter, whom he knew, and Wilber Calliste identified defendant at trial and placed him at the scene of the shooting (Calliste: 320-21, 334-38). In addition, defendant made statements, introduced at trial, in which he admitted having shot the victim after the victim swung at him (U.C.: 444-45). Thus, any error in not

suppressing identification testimony based on the photo array that Byrd and Leslie viewed or the lineup that Byrd viewed was harmless and does not warrant federal habeas relief.

POINT II

DEFENDANT'S CLAIM CONCERNING THE COURT'S REFUSAL TO CHARGE SECOND-DEGREE MANSLAUGHTER AS A LESSER INCLUDED OFFENSE DOES NOT WARRANT HABEAS RELIEF.

Defendant's claim in ground two of his petition that the state court erroneously refused to charge the jury on Manslaughter in the Second Degree (N.Y. Penal Law § 125.15) as an alternative lesser included offense was presented in state court in Point II of his main Appellate Division brief (Respondent's Exhibit A) and in his February 21, 2017 leave letter to the New York Court of Appeals (included in Respondent's Exhibit F) at 13-16, but this claim does not warrant habeas relief. The Appellate Division rejected defendant's claim on the merits, explaining that the lesser included offense of second-degree manslaughter was properly refused because "[t]here was no reasonable view of the evidence, looked at in the light most favorable to the defendant, that would support a finding that he acted recklessly, rather than intentionally, in causing the victim's death." People v. Joseph, 145 A.D.3d 916, 917, 44 N.Y.S.3d 115, 116 (2d Dep't 2016); see People v. Rivera, 23 N.Y.3d 112, 120-24, 989 N.Y.S.3d 446, 451-55 (2014).

There is no Supreme Court precedent deciding that submission of such a charge is required as a matter of federal constitutional law in a non-capital case, see Beck v. Alabama,

447 U.S. 625, 638 n.14 (1980), and the Appellate Division's rejection of defendant's claim concerning the lesser included offense is not contrary to, and does not involve an unreasonable application of, Supreme Court precedent. See 28 U.S.C. § 2254(d); Jones v. Hoffman, 86 F.3d 46, 48 (2d Cir. 1996); Bonilla v. Lee, 35 F. Supp. 3d 551, 569 (S.D.N.Y. 2014).

Furthermore, for the reasons set forth in detail in the State's main Appellate Division brief (Respondent's Exhibit B) at 43-60, there was no reasonable view of the evidence to support a charge of second-degree manslaughter as a lesser included offense of second-degree murder. In light of the evidence that the victim sustained, at close range, a single gunshot wound to the lower left chest that penetrated the abdomen, an area of the body containing vital organs and vessels (Pasquale-Styles: 206-07), and in light of the lack of evidence that defendant was waving the gun around or was otherwise acting recklessly rather than intentionally at the time he fired at the unarmed victim, the Appellate Division correctly determined that there was no reasonable view of the evidence to support submission of second-degree reckless manslaughter. A "reasonable view of the evidence" does not mean that the court is required to give the reckless manslaughter charge as a lesser included offense of second-degree murder if the record does not completely exclude the possibility that the defendant acted recklessly. Rivera, 23 N.Y.3d at 121, 989 N.Y.S.2d at 452.

In sum, this claim does not warrant federal habeas relief.

<u>POINT III</u>

<u>DEFENDANT'S CLAIM OF PROSECUTORIAL MISCONDUCT
DOES NOT WARRANT HABEAS RELIEF.</u>

Defendant claims in ground three of the petition that the prosecutor's questions and summation remarks deprived defendant of a fair trial. This exhausted claim, raised in Point III of defendant's Appellate Division brief (Respondent's Exhibit A) and in defendant's February 21, 2017 leave letter to the New York Court of Appeals (included in Respondent's Exhibit F) at 1-12, does not warrant <u>habeas</u> relief.

The propriety of a prosecutor's comments at trial generally does not present a federal constitutional question. <u>See</u> <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 643 (1974) (rejecting state prisoner's claim that prosecutor's summation remark "so infected the trial with unfairness as to make the resulting conviction a denial of due process"). A criminal conviction "is not to be lightly overturned on the basis of a prosecutor's comments standing alone." <u>United States v. Young</u>, 470 U.S. 1, 11 (1985). Thus, "it is not enough that the prosecutors' remarks were undesirable or even universally condemned." <u>Darden v. Wainwright</u>, 477 U.S. 168, 181 (1986).

Here, the Appellate Division held that "the prosecutor's questions and comments, even if improper, were not so egregious as to have deprived the defendant of a fair trial." <u>People v. Joseph</u>, 145 A.D.3d 916, 917, 44 N.Y.S.3d 115, 116 (2d Dep't 2016). The Appellate Division's rejection of defendant's contentions concerning the prosecutor's questioning and remarks

was an adjudication on the merits within the meaning of the federal habeas statute, as amended by AEDPA. See Parker v. Ercole, 666 F.3d 830, 834 (2012); Jimenez v. Walker, 458 F.3d 130, 146 (2d Cir. 2006), cert. denied, 549 U.S. 1133 (2007); Sellan v. Kuhlman, 261 F.3d 303, 312, 314 (2d Cir. 2001). Therefore, the deferential standard of 28 U.S.C. § 2254(d)(1) applies to this claim.

The Appellate Division's rejection of defendant's claim that the prosecutor's questioning or summation remarks deprived him of a fair trial was not contrary to, and did not involve an unreasonable application of, Supreme Court precedent. See Parker v. Matthews, 567 U.S. 37, 48-49 (2012) (circuit court erred in setting aside state court's determination concerning prosecutor's summation comments, where no Supreme Court precedent supported circuit court's action). The Supreme Court's decision in Darden is the "clearly established Federal law" relevant to this claim. See id., 567 U.S. at 45. A prosecutor's improper comments will be held to violate the Constitution only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden, 477 U.S. at 181 (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 [1974]). A prosecutor's improper questioning must also meet that standard to constitute a due process violation. See Greer v. Miller, 483 U.S. 756, 765-66 (1987) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 [1974], and rejecting claim that prosecutor's improper question presented due process violation).

The <u>Darden</u> standard is "a very general one," leaving state courts greater leeway in their determinations. <u>Matthews</u>, 567 U.S. at 48. Furthermore, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." <u>Harrington v. Richter</u>, 562 U.S. 86, 101 (2011) (quoting <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664 [2004]); see <u>Matthews</u>, 567 U.S. at 47.

Here, defendant fails to show that the Appellate Division's rejection of his claim concerning the prosecutor's questions or summation comments was contrary, or involved an unreasonable application of, Supreme Court precedent. Viewed as a whole and in the context of defense counsel's remarks, see <u>Darden</u>, 477 U.S. at 179; <u>Young</u>, 470 U.S. at 12, the prosecutor's summation remarks did not amount to federal constitutional error. See <u>Darden</u>, 477 U.S. at 179-81 (rejecting <u>habeas</u> claim based on prosecutorial summation comments; although prosecution made reference to defendant as "animal" and other objectionable comments, summation did not deprive state prisoner of fair trial). Furthermore, it cannot be said that the Appellate Division's rejection of defendant's claim of constitutional error in the summation "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Richter</u>, 562 U.S. at 103; see <u>Matthews</u>, 567 U.S. at 48.

For the reasons explained in detail in the People's Appellate Division brief (Respondent's Exhibit B) at pages 61-78,

the prosecutor's questions did not warrant reversal.  Defendant did not object to the prosecutor questioning Joshua Byrd concerning his own gang affiliation or details concerning the structure and discipline within the gang (Byrd: 89-91), and when the prosecutor posed questions about gang members being present in the courtroom, the court sustained objections before any answer was given (91, 256, 300).  The prosecution did not elicit any testimony that defendant was a gang member.  However, the propriety of prosecutor's questioning must be viewed in the context of circumstances unfolding in the courtroom, which included the filling of courtroom benches with gang associates of defendant when Joshua Byrd was about to testify (80-83).

Similarly, as noted in the People's Appellate Division brief (Respondent's Exhibit B) at 72-77, the prosecutor's summation comments did not warrant reversal.  It is the right of counsel during summation to comment upon every pertinent matter of fact bearing upon the questions the jury must decide.  People v. Ashwal, 39 N.Y.2d 105, 109, 383 N.Y.S.2d 204, 206 (1976).  The propriety of the prosecutor's comments during summation must be considered in the light of the evidence presented, see id. at 109-10, 383 N.Y.S.2d at 206-07, and the comments of defense counsel on summation.  See People v. Halm, 81 N.Y.2d 819, 821, 595 N.Y.S.2d 380, 380 (1993); People v. Arce, 42 N.Y.2d 179, 190, 397 N.Y.S.2d 619, 626 (1977); People v. Marks, 6 N.Y.2d 67, 77, 188 N.Y.S.2d 465, 473 (1959) (prosecutor's remarks must be considered in relation to defense summation), cert. denied, 362 U.S. 912 (1960).  When viewed in this context, the prosecutor's

remarks were responsive to defendant's summation and did not exceed the "broad bounds of rhetorical comment permissible in closing argument." People v. Galloway, 54 N.Y.2d 396, 399, 446 N.Y.S.2d 9, 10 (1981); see Darden, 477 U.S. at 179.

More importantly, defendant fails to show that the Appellate Division's rejection of his claim concerning the prosecution's questions or summation comments was contrary to, or involved an unreasonable application of, Supreme Court precedent, in that such rejection amounted to "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103; see Matthews, 567 U.S. at 47. The summation comments at issue in Darden were more prejudicial than the comments at issue here: in Darden, the prosecution referred to the defendant as an "animal" and made other improper comments in an argument that "deserve[d] the condemnation it has received from every court to review it." Darden, 477 U.S. at 180-81. Nevertheless, the Supreme Court declined to find that the comments deprived the defendant of a fair trial. Id. at 181.

Furthermore, the court instructed the jury not to infer any fact from a question by itself and to disregard matters to which an objection was sustained (10-11), promptly sustained objections to the prosecutor's questioning about gang members in the audience (91, 256, 300-01), and instructed the jury that the comments of counsel were not evidence and that the jury's recollection of the evidence was controlling (536-38). Juries are presumed to follow the instructions given to them by the

13

trial court. See Richardson v. Marsh, 481 U.S. 200, 211 (1987); People v. Berg, 59 N.Y.2d 294, 299-300, 464 N.Y.S.2d 703, 705-06 (1983). Thus, any prejudice from the prosecutor's questioning or remarks was mitigated by the court's instructions to the jury.

Finally, in light of the overwhelming evidence of defendant's guilt, summarized in the People's Appellate Division brief (Respondent's Exhibit B) at pages 9-25, any error in the prosecutor's questioning or remarks did not have a substantial and injurious effect or influence on the verdict. See Fry v. Pliler, 551 U.S. 112, 121-22 (2007); Brecht v. Abrahamson, 507 U.S. 619, 637-39 (1993) (constitutional trial error does not warrant habeas relief unless error had substantial and injurious effect or influence on verdict); see also People v. Crimmins, 36 N.Y.2d 230, 367 N.Y.S.2d 213 (1975) (concluding that prosecutorial comments were harmless error, in light of overwhelming evidence of defendant's guilt).

In sum, defendant's claim concerning the prosecutor's questioning and summation remarks does not warrant federal habeas relief.

POINT IV

DEFENDANT'S CLAIM THAT THE TRIAL COURT FAILED TO GIVE A MEANINGFUL RESPONSE TO A JURY REQUEST FOR A READBACK DOES NOT WARRANT HABEAS RELIEF.

Defendant's claim in ground four of his petition of a violation of New York Criminal Procedure Law § 310.30 based on the court's response to the jury's request for a readback of testimony by witness Joshua Byrd does not warrant habeas relief.

14

This exhausted claim was presented in Point 1 of defendant's pro se supplemental brief (Respondent's Exhibit D) and in defendant's February 21, 2017 leave letter to the New York Court of Appeals (included in Respondent's Exhibit F) at 17. Nevertheless, no relief is warranted because defendant's claim of a violation of a state statute does not present a federal constitutional question for habeas review by this Court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Jones v. Annucci, 124 F. Supp. 3d 103, 130 (N.D.N.Y. 2015) (claim based on N.Y. Crim Proc. Law § 310.30 involved only violation of state law).

Furthermore, the court's response to the jury's request did not violate New York Criminal Procedure Law § 310.30, for the reasons stated in the State's supplemental brief (Respondent's Exhibit E) at pages 3-15. After the jury sent its note requesting a readback of Joshua Byrd's testimony "describing the fight between [the victim] and the defendant (distance between the punch and the shot) from Joshua Byrd" (630, 637, 639), the court read the note, showed it to the parties, and stated that it interpreted the note as requesting testimony concerning the distance between the shooter and the person who threw the punch (631), although defendant interpreted the note differently, as referring to "the interplay between the shooter and the person that got shot the distance they were from Joshua Byrd" (638). When the court told the jury that it interpreted the note "as saying that you are asking [for] Joshua Byrd's testimony about

the distance between the defendant and [the victim] when he got shot" (639), the court noted that jurors were nodding affirmatively in response and that the "[f]oreperson says yes" (640). The portion of the testimony on which the parties had agreed (638-39) was then read back to the jury, and the jury left the courtroom (640) and did not send any further note requesting additional portions of Byrd's testimony.

The Appellate Division rejected defendant's claim on the merits, expressly finding that the trial court "gave a meaningful response to the jury's request for a readback of the testimony of a prosecution witness." People v. Joseph, 145 A.D.3d 916, 917, 44 N.Y.S.3d 115, 116 (2d Dep't 2016). The Appellate Division's determination was not contrary to, and did not involve an unreasonable application of, Supreme Court precedent. See 28 U.S.C. § 2254(d)(1). Therefore, defendant's claim should be rejected.

In addition, any error in the court's response to the jury's request for a readback was harmless. There was overwhelming evidence of defendant's guilt, as summarized in the State's Appellate Division brief (Respondent's Exhibit B) at pages 9-25, and the claimed error would not have had a substantial and injurious effect on the verdict. See Fry v. Pliler, 551 U.S. 112, 121-22 (2007); Corines v. Superintendent, Otisville Corr. Facility, 621 F. Supp. 2d 26, 38 (E.D.N.Y. 2008).

In sum, defendant's claim concerning the trial court's response to a jury request for a readback does not warrant habeas relief.

POINT V

DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE
OF TRIAL COUNSEL DOES NOT WARRANT HABEAS
RELIEF.

Defendant's claim in ground five of his petition that his trial counsel was ineffective does not warrant habeas relief. Defendant exhausted this claim by raising it in his pro se supplemental brief on direct appeal in state court and in his application for leave to appeal to the New York Court of Appeals. See Defendant's Pro Se Supplemental Brief (Respondent's Exhibit D) at Point 2; Defendant's Feb. 21, 2017 Leave letter (included in Respondent's Exhibit F) at 17-18. In his pro se supplemental brief, defendant claimed that the judgment of conviction should be reversed because his trial counsel was ineffective for failing to move for a Sirois hearing when the prosecution attributed the change in a prosecution witness's trial testimony to misconduct by defendant (Defendant's Pro Se Supplemental Brief [Respondent's Exhibit D] at 16-25).

The Appellate Division rejected on the merits defendant's contention that his trial counsel was ineffective, concluding that defense counsel was not ineffective for not moving for a Sirois hearing because a Sirois hearing was not "relevant to the circumstances of this case." See People v. Joseph, 145 A.D.3d 916, 918, 44 N.Y.S.3d 115, 117 (2d Dep't 2016). The Appellate Division explained that a Sirois hearing was "a tool used by the prosecution to determine whether the defendant has procured a witness's absence or unavailability through his [or her] own misconduct, and thereby forfeited any hearsay or Confrontation

17

Clause objections to admitting the witness's out-of-court statements." Id. (internal quotation marks and citations omitted). See Holtzman v. Hellenbrand, 92 A.D.2d 405, 460 N.Y.S.2d 591 (2d Dep't 1983); see also People v. Geraci, 85 N.Y.2d 359, 625 N.Y.S.2d 469 (1995). The Appellate Division's rejection of this claim does not warrant habeas relief.

Where a state court has adjudicated a federal constitutional claim on the merits, a state prisoner is entitled to a writ of habeas corpus only if the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In addition, under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the state prisoner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

In order to establish that a state court decision involves an unreasonable application of Supreme Court precedent, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in

existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

In this case, the Appellate Division expressly rejected on the merits the claim of ineffective assistance of trial counsel that was raised in defendant's Appellate Division brief. People v. Joseph, 145 A.D.3d 916, 917, 44 N.Y.S.3d 115, 116 (2d Dep't 2016). The Appellate Division's rejection of this claim was not contrary to, and did not involve an unreasonable application of, Supreme Court precedent. See 28 U.S.C. § 2254(d)(1). In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth the general test for federal constitutional claims of ineffective assistance of counsel. Under Strickland, a defendant is entitled to "reasonably effective assistance," which in light of all the circumstances, does not fall "outside the wide range of professionally competent assistance." Id. at 687, 690. Counsel is "strongly presumed" to have rendered effective assistance to his client. Id. at 690. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight. Yarborough v. Gentry, 540 U.S. 1, 8 (2003).

Under Strickland, in order to prevail on a federal constitutional claim of ineffective assistance of counsel, a defendant must also demonstrate that he was prejudiced by the

performance of his counsel, in that, but for the allegedly deficient performance of counsel, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 694.

Furthermore, under the amended habeas statute, a state prisoner

> must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly.

Bell v. Cone, 535 U.S. 685, 698-99 (2002) (citing Williams v. Taylor, 529 U.S. 362, 411 [2000]). Instead, the prisoner must show that the state court "applied Strickland to the facts of his case in an objectively unreasonable manner." Cone, 595 U.S. at 699.

Indeed, with respect to claims of ineffective assistance of counsel, "AEDPA review must be doubly deferential in order to afford both state court and the defense attorney the benefit of the doubt." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks and citations omitted); see Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). Whether a state court's decision was unreasonable "must be assessed in light of the record the court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004); see Cullen v. Pinholster, 563 U.S. 170, 181-82 (2011).

The Appellate Division's rejection of defendant's federal claim of ineffective assistance of counsel, assessed in light of

the state court record, was not contrary to, and did not involve an unreasonable application of, Supreme Court precedent.[2]

As explained in the State's supplemental brief (Respondent's Exhibit E) at 16-29, the record shows that defendant's trial counsel provided defendant with competent, effective representation at trial.   At trial, defense counsel made an opening statement (23-26), made numerous objections, and vigorously cross-examined the prosecution's witnesses.   On summation, defense counsel argued forcefully that the prosecution witnesses were not credible and emphasized Joshua Byrd's prior crimes and bad acts and inconsistencies in his testimony as well as inconsistencies or gaps in the testimony of other witnesses (546-53, 558-60).   As a result of defense counsel's efforts, the jury acquitted defendant of the top count of second-degree murder and also the count of second-degree criminal possession of a weapon (658-59).

Defendant's claim of ineffective counsel was based on the sole ground that his counsel failed to request a Sirois hearing when Kyle Leslie changed his testimony and the prosecutor attributed the change in Leslie's testimony to misconduct by defendant (Defendant's Pro Se Supplemental Brief [Respondent's Exhibit D] at 16-25).   However, the Appellate Division reasonably

---

[2]   To the extent that defendant based his claim of ineffective assistance of trial counsel on his New York right to counsel, citing, inter alia, People v. Baldi, 54 N.Y.2d 137, 444 N.Y.S.2d 893 (1981), (Defendant's Pro Se Supplemental Brief [Respondent's Exhibit D] at 16-17), the claim presents no cognizable federal constitutional question for habeas review. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

rejected this claim because a <u>Sirois</u> hearing was not "relevant to the circumstances of this case," <u>see</u> <u>Joseph</u>, 145 A.D.3d at 918, 44 N.Y.S.3d at 117, and was "a tool used by the prosecution to determine whether the defendant has procured a witness's absence or unavailability through his [or her] own misconduct, and thereby forfeited any hearsay or <u>Confrontation Clause</u> objections to admitting the witness's out-of-court statements." <u>Id.</u>

Here, although the prosecutor believed that Leslie had been intimidated into changing his testimony by members of "defendant's entourage" in the courtroom (263-64), the prosecutor did not request a <u>Sirois</u> hearing or seek to introduce Leslie's prior statement as direct evidence, and it would not have made sense for defense counsel to request such a hearing. Indeed, there were strategic reasons for defense counsel to oppose such a hearing, because the change in Leslie's testimony was favorable to the defense, in that Leslie claimed that he did not see defendant at the scene of the shooting and had lied previously about being present (Leslie: 282, 287-89).

Notwithstanding the change in Leslie's testimony, the evidence of defendant's guilt, summarized in the People's Appellate Division brief (Respondent's Exhibit B) at pages 9-25, was overwhelming. In light of that evidence, defendant was not prejudiced, as any error of counsel in not requesting a <u>Sirois</u> hearing would not have affected the outcome of the proceedings. <u>See</u> <u>Berghuis v. Thompkins</u>, 560 U.S. 370, 389-91 (2010); <u>Strickland</u>, 466 U.S. at 694; <u>see also</u> <u>King v. Greiner</u>, 453 Fed. Appx. 88, 90 (2d Cir. 2011) (even assuming, <u>arguendo</u>, that state

prisoner's counsel was deficient in failing to object to prosecutor's summation, prisoner could not establish prejudice in light of "strong evidence" of prisoner's guilt).

Thus, the Appellate Division's rejection of defendant's claim of ineffective assistance of counsel was reasonable in light of Supreme Court precedent, and defendant's claim of ineffective assistance of counsel does not warrant habeas relief.

CONCLUSION

DEFENDANT'S PETITION FOR A WRIT OF HABEAS
CORPUS SHOULD BE DENIED.

Dated:      Brooklyn, New York
            June 25, 2018

                          Respectfully submitted,

                          ERIC GONZALEZ
                          District Attorney
                          Kings County


LEONARD JOBLOVE
CAMILLE O'HARA GILLESPIE
Assistant District Attorneys
      of Counsel

<u>Certificate of Service</u>

I hereby certify that on June 25, 2018, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following party:

Jeffrey Joseph
Defendant, <u>Pro Se</u>
Inmate # 09-A-2969
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York  12929

Camille O'Hara Gillespie
Office of the Kings County District
Attorney
350 Jay Street
Brooklyn, New York  11201
(718) 250-2490